UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                   S5 19 CR 536 (PKC)

        -against-                                           ORDER

DEE JAY WHITE (4),

                  Defendant.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        Defendant Deejay White moves to reconsider his pretrial detention. On March 25, 2020, the Court reviewed and reconsidered *de novo* Magistrate Judge Lehrburger's denial of pretrial release and concluded that no condition or combination of conditions could reasonably assure his presence at future proceedings and the safety of other members of the community. (Doc 53 (3/25 Tr.).)

        Under 18 U.S.C. § 3142(f), a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." White appears to be arguing that further details regarding his medical history and the current conditions at the Westchester County Jail ("WCJ") constitute information not known at his prior bail hearings. He asks for reconsideration based on his "physical and mental condition" or for temporary release due to "another compelling reason." 18 U.S.C. §§ 3142(g)(3)(A), 3142(i)(4).

        White, who is 43 years old, argues that his preexisting health conditions put him at a higher risk of suffering from the ill-effects of COVID-19. He asserts, and has provided

medical records corroborating, that he suffers from hypertension, asthma, diabetes, diverticulitis and a seizure disorder. (Doc 87 at 5–6.) He takes regular medication to address his health issues, and his asthma is well-controlled. (Doc 87 at 7.) At the March 25, 2020 hearing, his full medical history was not known, but his lawyer did raise respiratory issues in his argument to reconsider Magistrate Judge Lehrburger's denial of bail. (3/25 Tr. at 5.) According to a website maintained by the Centers for Disease Control, asthma, hypertension and diabetes are recognized as potentially placing persons at increased risk of severe illness due to COVID-19.[1] White argues that WCJ is unable to provide him with adequate protections from the virus or medically acceptable meals. He also adds that WCJ protocol inhibits his ability to review his case.

On February 12, 2021, White tested positive for COVID-19. At the time of the government's response, he was recovering in quarantine at WCJ. (Doc 89 at 4 n.2.) The CDC has stated that "[c]ases of reinfection with COVID-19 have been reported, but remain rare," and advises persons who have been infected to maintain protective measures.[2] The CDC also has stated that "[r]ecurrence of COVID-19 illness appears to be very uncommon, suggesting that the presence of antibodies could indicate at least short-term immunity to infection with SARS-CoV-2."[3] At present, risk of reinfection is presently unquantifiable but occurrences are "rare."

The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit. Also, in the event that White was re-infected COVID-19 virus, he would have greater control over the course of his medical treatment if he

---

[1] See People with Certain Medical Conditions, Centers for Disease Control and Prevention (last updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[2] See Reinfection with COVID-19, Centers for Disease Control and Prevention (last updated Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.
[3] See Interim Guidelines for COVID-19 Antibody Testing, Centers for Disease Control and Prevention (last updated Aug. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/lab/resources/antibody-tests-guidelines.html#anchor_1590264247573.

were at liberty rather than incarcerated. The Court also acknowledges that WCJ recently had an uptick in virus cases, with five employees and nine residents testing positive.[4] No deaths have been reported. The government has attached a document listing the additional protective measures the facility has implemented to ensure that the spread of the virus does not accelerate. (Doc 89 – Ex. A.) The government also adds that each WCJ defendant has one hour per day to review their discovery, but White frequently declines this time. (Doc 89 at 6.)

Taking full account of White's medical history, the conditions at WCJ and the 3142(g) factors, the motion will be denied.

White is charged with participating in the violent armed robbery of more than 100 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), 18 U.S.C. § 924(c) and 18 U.S.C. § 1951. The robbery involved holding several individuals, including children, at gunpoint while the narcotics were taken. (3/25 Tr. at 24.) White was the getaway driver; a surveillance video shows him parked across the street from the site of the robbery. (Id.) One robber threw a duffle bag of cocaine into his car, and White drove away. (Id.) According to the government, White's 10-month-old son was in the car with him. (Doc 89 at 2.)

As the Court noted in the March 25, 2020 hearing, White has a substantial criminal record including a robbery conviction at a young age and attempted criminal possession of a weapon in the third degree at age 21. (3/25 Tr. at 25.) At age 25 he was arrested twice, once while on probation for another offense. (Id.) He has a history of lying to law enforcement and using the pseudonym "Aaron Hall." (Id.) He also has an extensive disciplinary record from his time spent at the Metropolitan Correctional Center. (Doc 89 at 4.)

---

[4] See Zak Failla, *COVID-19: More Than 2M Tested in Westchester*, White Plains Daily Voice (February 22, 2021), https://dailyvoice.com/new-york/whiteplains/news/covid-19-more-than-2m-tested-in-westchester-latest-breakdown-by-community/803724/.

Given these facts, his criminal history and his use of false names, as well as the potential mandatory minimum 17-year sentence he faces, the Court will deny the motion. Nothing in the motion presents a basis to change the initial determination that no condition or combination of conditions could reasonably assure White's presence and protect the safety of any other person and the community. The Court also finds that temporary release under 18 U.S.C. 3142(i) for "another compelling reason" is not warranted. The Clerk is directed to terminate the motion (Doc 87.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 17, 2021