UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DEEJAY WHITE,

Defendant.

19-cr-536 (PKC)

ORDER

CASTEL, Senior District Judge:

On September 22, 2022, defendant was sentenced principally to a term of imprisonment of 252 months.  (Minute Entry; ECF 320.)

On February 16, 2024, defendant wrote to the Court seeking a sentencing reduction pursuant to Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023 and applies retroactively.  (ECF 537.)  The United States Probation Department has issued a report (the "Supplemental PSR") indicating that defendant is eligible for a sentence reduction.  (ECF 508.)  The Court directed the government to respond to the Supplemental PSR and invited the Federal Defenders of New York to appear and reply on behalf of defendant.  (ECF 538.)

As the Supplemental PSR explains, defendant is eligible for a "Status Points" recalculation because he received an enhancement at the time of his original sentencing for committing the offense while under a criminal justice sentence.  (ECF 508 at 2.)  Defendant's original subtotal criminal history score was 5, and pursuant to U.S.S.G. § 4A1.1(e), zero criminal history points should be added if the defendant has 6 or fewer criminal history points regardless

1

of status.  (Id. at 2-3.)[1]  Defendant's amended criminal history points total is therefore 5, and his amended Criminal History Category is III.  His Total Offense Level remains 30.  (Id. at 3.)

The original Guideline range at the time of defendant's original sentencing was 219 to 252 months, including a mandatory minimum of 84 months on Count Two.  (Id.)  His amended Guideline range is 205 to 235 months, including the 84-month mandatory minimum. (Id.)

Defendant was originally sentenced to the top of his original Guideline range: 252 months.  The government agrees that defendant is eligible for a sentence reduction but urges the Court not to reduce defendant's sentence.  (ECF 552 at 3-4.)  Defendant asks the Court to reduce his sentence to the bottom of his amended Guideline range: 205 months.  (ECF 553 at 4.)

Even where a defendant is eligible for a sentencing reduction, a court has the discretion not to reduce the sentence if it is not warranted under the sentencing factors laid out in 18 U.S.C. § 3553(a).  See § 1B1.10 Application Note 1(B)(i).  The Court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)."  Id. at Application Note 1(B)(iii).  Under the Policy Statement found at Guidelines § 1B1.10(b)(2), if the Court determines that a reduction in sentence is warranted, the reduction in a case such as this may not be "less than the minimum of the amended guideline range. . . ."

In this instance, the bottom of the amended Guideline range is 205 months' imprisonment.  As noted, defendant was originally sentenced to the top of the then-applicable

---

[1] Defendant is not eligible for a Zero-Point Offender reduction because he did not have zero criminal history points at the time of his original sentencing.  (Id. at 3.)

Guideline range: 252 months.  The Court noted at the time of sentencing that, in addition to the offense conduct to which defendant pleaded guilty, defendant's post-arrest conduct was "shocking" and "dangerous": while incarcerated and awaiting sentencing, defendant smuggled into the MCC, among other things, a loaded firearm, which caused a two-week lockdown of the entire MCC facility until the weapon was located.  (ECF 508 at 11 ¶ 31; ECF 339 (Sentencing Tr.), Tr. 44-45.)

Nevertheless, the Court declined to impose an above-Guideline sentence at that time, as the government urged.  (ECF 553 at 1; ECF 339, Tr. at 39-48.)  Part of the Court's reasoning in not imposing an above-Guideline sentence included defendant's serious health problems and his age when released from prison.  (ECF 339, Tr. at 49.)  But the Court also explained that it had selected the top of the Guideline range because the nature of the crimes defendant committed while at the MCC was inconsistent with genuine remorse or acceptance of the underlying criminal conduct.  (Id.)

Defendant asserts that, in contrast to his post-arrest conduct, his conduct since he was sentenced in September 2022 has been exemplary: he has not received any disciplinary sanctions while in custody, has worked in the labor pool and as an orderly, and has participated in many educational programs, as well as parenting and Bible study classes.  (ECF 553 at 3.)  Defendant asserts that the Court should take into account this "dramatic change" in conduct when considering defendant's motion.  (Id.)

The Court has considered each of the factors set forth in section 3553(a) and need not recount all that it has considered.

The need to protect the public from further crimes of this defendant has somewhat dissipated with his improvement in behavior, at least as to the "pain [and] anguish" he caused to

the other incarcerated individuals in the MCC when he caused the MCC to be locked down. (ECF 339, Tr. at 45.)  The need to impose just punishment for these serious offenses, to promote respect for law, and to deter others from committing similar crimes, however, tilts against a substantial sentence reduction.

It is hereby ORDERED that the defendant is eligible for a sentence reduction under Amendment 821 and the motion (ECF 537) is GRANTED to the extent that the term of imprisonment is reduced from 252 months to 235 months with all other terms and conditions of the original judgment remaining in place.  The reduction is effective as of June 3, 2024.


SO ORDERED.


P. Kevin Castel
United States District Judge


Dated:   New York, New York
             May 21, 2024