UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

United States of America

   v.

Deejay White,
     *Defendant.*

_____

Deejay White,
     *Petitioner*

   v.

United States of America,
     *Respondent.*

_____

19 Cr. 536 (PKC)

25 Civ. 5596 (PKC)

**Order Re: Attorney-Client Privilege Waiver (Informed Consent)**

  WHEREAS Deejay White ("Petitioner") has moved for relief from his conviction pursuant to 28 U.S.C. §2255 on the ground of ineffective assistance of counsel; and

  WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former trial counsel, Telemachus Kasulis, Esq. ("Counsel"), will be needed in order to allow the Government to respond to the motion; and

  WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

  WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

  WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof.

2024.08.01

Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and

IT IS FURTHER ORDERED that Petitioner execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 60 days from today's date, the Court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Dated:   New York, New York
         August 14, 2025

_____
P. Kevin Castel
United States District Judge

COPY MAILED TO: Deejay White #81263-054, FCI Tucson, Federal Correctional Institution, P.O. Box 23811, Tucson, AZ 85734

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>    v.<br><br>Deejay White,<br>     *Defendant.* | 19 Cr. 536 (PKC) |
| Deejay White,<br>     *Petitioner*<br><br>    v.<br><br>United States of America,<br>     *Respondent.* | 25 Civ. 5596 (PKC) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Deejay White ("Petitioner")

  You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Telemachus Kasulis, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

  By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to the Court's Order. The Court has already issued an Order (copy attached) directing your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

  Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

2024.08.01

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

## NOTARIZED AUTHORIZATION

I have read the Court's Order dated August __, 2025, and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Telemachus Kasulis, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to the Court's Order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Date: _____

Petitioner's Signature: _____

Petition's Printed Name:   __Deejay White_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2

**Attorney-Client Privilege Waiver (Informed Consent)**